UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **1:19mj03369 Becerra**

UNITED STATES OF AMERICA

v.

**RITZYIVETTE QUDDUS,
ANGEL JOSEPHINE WILSON, and
ANTWAN DENETRICK HUE,,**

Defendant.
_____/

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014? _____ Yes __X__ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: _____
Thomas Haggerty
Assistant United States Attorney
Fla. Bar No. 46136
99 Northeast 4th Street
Miami, FL. 33132-2111
Tel: (305) 961-9002
Fax: (305) 536-4699
Thomas.Haggerty@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>RITZYIVETTE QUDDUS,<br>ANGEL JOSEPHINE WILSON, and<br>ANTWAN DENETRICK HUE,<br><br>*Defendant(s)* | ) ) ) ) ) ) ) Case No.  1:19mj03369 Becerra |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 24, 2019__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 952(a), 960(b)(2)(B), and 963; and Title 21, United States Code, Sections 841 (a)(1), 841(b)(1)(B) and 846. | The defendants did knowingly and intentionally combine, conspire, confederate and agree with each other to import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, five hundred (500) grams or more of a mixture and substance containing cocaine, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963; and did knowingly and intentionally combine, conspire, confederate and agree with each other to possess with the intent to distribute a Schedule II controlled substance, that is, five hundred (500) grams of a mixture and substance containing cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

JESSE ARTILES, SPECIAL AGENT HSI/ICE
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  08/26/2019

_____
*Judge's signature*

City and state:  Miami, Florida

JACQUELINE BECERRA, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Jesse Artiles, a Special Agent with Homeland Security Investigations (hereinafter "HSI"), being duly sworn, depose and state:

1. I have been a Special Agent with HSI since March of 2010. I am currently assigned to HSI at the Port of Miami and have served in this position since March of 2018. As a Special Agent with HSI, I am responsible for investigating narcotics entering the United States and investigating violations of statutes relating to immigration and customs enforcement, including Title 21 of the United States Code.

2. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Titles 8, 18, 19 and 21 of the United States Code. I have participated in investigations involving violations of the Controlled Substances Act, which include conducting physical and electronic surveillance, execution of search warrants, and arrests of numerous drug traffickers.

3. I have received specialized training in conducting narcotics investigations, including studying the techniques used by smugglers to bring narcotics into the United States. As a law enforcement officer, I have become familiar with the investigation and enforcement of state and federal narcotics laws. Based upon this experience, I have become well versed in the methodology utilized in narcotics trafficking operations, the specific language used by narcotics trafficking operations, and the unique trafficking patterns employed by narcotics organizations. I am also familiar with the various methods generally utilized by traffickers to transport narcotics into the United States from other countries. I have conducted physical and electronic surveillance in many types of cases, including drug cases. I have arrested numerous individuals for various narcotics

violations and have spoken with several narcotics dealers and confidential sources concerning the methods and practices of drug traffickers.

4. The information contained in this Affidavit is submitted for the sole purpose of establishing probable cause for the arrests of Ritzyivette QUDDUS, Angel Josephine WILSON, and Antwan Denetrick HUE for violation of Title 21, United States Code, Sections 952(a), 960(b)(2)(B), and 963, and Title 18 United States Code, Sections, 841(a)(1), 841(b)(1)(B), and 846, that is having knowingly and willfully conspired to import a controlled substance, consisting of 500 grams or more of cocaine.

5. As this Affidavit is submitted for the limited purpose of establishing probable cause, it does not contain all the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this Affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation as well as my review of records, documents, and other physical items obtained during the course of this investigation.

## PROBABLE CAUSE

6. On August 24, 2019, at the Port of Miami, Ritzyivette QUDDUS, and daughter Angel Josephine WILSON, arrived from a 7-day cruise to the Western Caribbean (Ocho Rios, Jamaica; George Town, Grand Cayman; Cozumel, Mexico) onboard the Carnival Cruise Line (CCL) Horizon. Both subjects were selected for a customs enforcement cabin examination.

7. At approximately 6:40 AM, CBP Officers along with Homeland Security Investigation agents and Miami-Dade Police Department Officers boarded the CCL Horizon. Law enforcement was then escorted by CCL's security to cabin 2348. CBP Officers knocked on cabin door (2348)

occupied by QUDDUS and WILSON. QUDDUS opened the door. Once inside the cabin, CBP Officers obtained a binding declaration from both subjects in which QUDDUS claimed ownership of a blue suitcase and WILSON claimed ownership of a red and black duffle bag. CBP officers smelled marijuana in the cabin and asked if there was any other narcotics present within the cabin. QUDDUS claimed that there was cocaine, but it was hers, not her daughter's. QUDDUS pointed to her blue suitcase.

8. A CBP K9 Officer entered the cabin with a CBP canine, who alerted positive to both the blue suitcase and red and black duffle bag that were sitting on the floor. CBP searched the blue suitcase and found inside the suitcase a beige girdle containing three plastic packages containing a white powdery substance concealed within. A black girdle was found inside the red and black duffle bag, also containing three plastic packages concealed within. These packages contained a white powdery substance inside.

9. In total, the six plastic packages that were concealed in the luggage weighed 1088 grams. A field test of the white powdery substance proved positive for the presence of cocaine.

10. In a post-<u>Miranda</u> statement, QUDDUS admitted that she attempted to bring narcotics into the United States. She stated she believed she was transporting cocaine by the way it looked, and she would be paid $2,000. She was supposed to wear the girdle when she disembarked the ship and contact "T," a mixed-race individual with dark skin, average height and built. "T" was supposed to pick them up in Miami.

11. QUDDUS agreed to cooperate with law enforcement to identify "T" and conduct a controlled delivery to arrest the individual. QUDDUS verbally consented to allow law enforcement to use her phone to contact "T".

12. In a post-<u>Miranda</u> interview, WILSON admitted that she attempted to bring narcotics into the United States. Wilson state that she was supposed to be paid $1,500 for the drugs. She said she was supposed to give the drugs to "Tony" and described him as a black male, average height, medium build, with dreadlocks shoulder length. She stated she would recognize him if she saw him again. She stated her mom (QUDDUS) told her they would go on a cruise to get drugs and would then receive money. She stated she received the narcotics in Jamaica.

13. At law enforcement's direction, QUDDUS began to communicate with "T" using QUDDUS's phone. Numerous text messages were sent and received between QUDDUS' phone and "T".

14. During the exchange of the text messages, QUDDUS informed "T" that she was worried because there was a problem and it started to leak and smell; she asked what she should do and if she should still bring it. "T" responded "yes come on". QUDDUS began to question "T" regarding pickup, and "T" stated that she was making him nervous. "T" asked QUDDUS if anyone had questioned her, to stop looking nervous, and to chill out. QUDDUS stated that they were sitting out here like sitting ducks and that she was about to leave the bag. "T" instructed QUDDUS to take a cab to 1475 NW 12th Avenue, in Miami, Florida.

15. The Sylvester Comprehensive Cancer Center is located at 1475 NW 12th Avenue and was closed.

Law enforcement officers hailed a cab and placed QUDDUS and WILSON in the cab along with a Miami-Dade Police Officer and informed "T" that they were on the way.

16. Law enforcement conducted surveillance of 1475 NW 12th Avenue before the arrival of the cab and observed a black male with dread locks. This individual was the only person in the area.

4

17. When the taxi cab arrived at 1475 NW 12th Avenue, the black male approached the taxi cab and was taken into custody. QUDDUS and WILSON both identified the individual as "T" aka "Tony".

18. "T" was identified as Antwan Denetrick HUE.

19. In a post-<u>Miranda</u> interview, HUE admitted that he was picking up "the girls" and that he knew they were smuggling narcotics, but believed it was "weed". Hue stated "the girls" were to be paid $5000.

20. Based on the foregoing facts, I submit that probable cause exists to believe that the defendants did knowingly and willfully conspire to import a controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(b)(2)(B), and 963, and Title 18 United States Code, Sections, 841(a)(1), 841(b)(1)(B), and 846.

**FURTHER YOUR AFFIANT SAYETH NAUGHT,**

_____
SPECIAL AGENT JESSE ARTILES
HOMELAND SECURITY INVESTIGATIONS

Subscribed and sworn before me this ___ day of August, 2019.

_____
HONORABLE JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE

5